******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EDIZIONE S.P.A. *v.* EMMANUEL DRAGONE ET AL.
(AC 37834)

Alvord, Sheldon and Mullins, Js.

*Submitted on briefs December 9, 2015—officially released
February 25, 2016\**

(Appeal from Superior Court, judicial district of
Fairfield, Bellis, J.)

*Daniel G. Sergiacomi* filed a brief for the appellant (plaintiff).

*Opinion*

MULLINS, J. The plaintiff, Edizione S.P.A., appeals from the judgment of dismissal rendered against it following the appearance of this matter on the trial court's dormancy docket. The plaintiff claims that the court improperly dismissed the action, instead of ordering that it be stayed pursuant to General Statutes § 52-606. We agree and, accordingly, reverse the judgment of the trial court.

The following facts inform our review. The plaintiff, by complaint dated January 28, 2013, returnable on February 26, 2013, pursuant to the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq.,[1] brought this action to enforce a June 9, 2012 judgment rendered in Italy, by the Court of Rome, against the defendants, Emmanuel Dragone and Dragone Classic Motorcars, Inc.[2] The plaintiff alleged that Dragone is a resident of Connecticut, and that Dragone Classic Motorcars, Inc., is a Connecticut corporation. See General Statutes § 52-604. It further alleged that it had obtained a judgment in Italy in the amount of 109,096 euros against the defendants, and that the judgment had not been obtained by default in appearance of the defendants or by confession of judgment. It further alleged that there had been a full and fair hearing on the merits of the claims in Italy, that the judgment remained unsatisfied, and that the judgment had not been stayed or appealed. The defendants are nonappearing in this case.[3]

On October 27, 2014, the trial court conducted a dormancy hearing. At that proceeding, the plaintiff informed the court that the defendants had filed a notice of appeal in Rome and that it had not moved forward on this action because the appeal in Rome had "stayed everything." The plaintiff then requested that this matter be stayed pending the outcome of the appeal in Rome. The plaintiff also requested that the court give it thirty days to respond further, but the court refused. The court then denied the plaintiff's request to stay the matter and, pursuant to Practice Book § 14-3,[4] rendered judgment dismissing the action. The plaintiff asked the court if it was dismissing the matter without prejudice, but the court simply reiterated that it was dismissing the matter.

On February 23, 2015, the plaintiff filed a motion for clarification or to open the judgment. In that motion the plaintiff requested that the court either clarify that its dismissal was without prejudice to the plaintiff refiling the action after the Court of Appeals of Rome[5] decided the appeal, or that the court restore the matter to the docket and order that it be stayed pending the outcome of the appeal in the Court of Appeals of Rome. The court denied the motion on March 23, 2015. This appeal followed.

The plaintiff claims that the trial court committed reversible error by dismissing the action instead of staying it pending the outcome of the appeal in the Court of Appeals of Rome. The plaintiff argues that, during these enforcement proceedings, the defendants filed an appeal in the Court of Appeals of Rome, of the Court of Rome's judgment, and that, pursuant to § 52-606, this matter should be stayed pending the outcome of that appeal. We agree.

Section 52-606 provides: "(a) If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. The judgment debtor shall provide notice of the stay of enforcement to the judgment creditor (1) by registered or certified mail, postage prepaid, return receipt requested, restricted delivery, or (2) by verified delivery to the judgment creditor as the named addressee by private messenger, delivery or courier service.

"(b) If the judgment debtor shows the court any ground upon which enforcement of a judgment of a court of this state would be stayed, the court shall stay enforcement of the judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment as is required in this state. The judgment debtor shall provide notice of the stay of enforcement to the judgment creditor."

Although generally, a request to stay enforcement of a foreign judgment is made by the judgment debtor, which in this case would be the nonappearing defendants, the plaintiff requested that this action to enforce the Court of Rome's judgment be stayed pending the outcome of the defendants' appeal of that judgment to the Court of Appeals of Rome. We can ascertain no reason why it would be improper to allow the plaintiff, a judgment creditor in this case, to make such a request. Because the plaintiff initiated this action alleging compliance with General Statutes § 52-605,[6] and represented to the trial court that it later learned that an appeal from the judgment is pending in the Court of Appeals of Rome, we conclude that the court should have stayed the matter upon request of the plaintiff until that appeal is concluded. Accordingly, we reverse the judgment of the trial court.

The judgment is reversed and the case is remanded to the trial court with direction to restore the case to the docket and to stay the matter pending the outcome of the appeal in the Court of Appeals of Rome.

In this opinion the other judges concurred.

* February 25, 2016, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 52-604 provides: "As used in sections 52-604 to 52-609, inclusive, 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."

[2] A review of the certified translation of the Court of Rome's judgment, which the plaintiff provided as an attachment to its complaint, reveals that the plaintiff in this action was one of the named defendants in the Italian case, and that the defendants here were the plaintiffs in the Italian case. The Court of Rome found no merit to the claims brought by Dragone and Dragone Classic Motorcars, Inc., and rendered the following judgment: "The Court . . . is THEREFORE denying the petition introduced by Emmanuel Dragone on his own behalf and as the legal representative of the company, Dragone Classic Motorcars, Inc., in relation to Edizione, S.P.A. . . . and ordering the Plaintiffs, jointly and severally, to provide payment in the amount of 93,400.00 Euros—where 1,400 Euros represents advance payment and 31,317.00 Euros represented fees—in favor of [Edizione, S.P.A.]—as expenses for these proceedings, plus the Value Added administrative assessments, and reimbursement of general expenses in accordance with the law." (Emphasis omitted.) The plaintiff contends that this totaled a judgment of 109,096 euros.

[3] The defendants had been represented by counsel, James Kearns, in the trial court. However, Kearns withdrew his representation with the permission of the trial court on May 20, 2013, before filing an answer on the defendants' behalf. The defendants have not appeared or filed a brief in this appeal.

[4] Practice Book § 14-3 provides in relevant part: "(a) If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, by motion by any party . . . or on its own motion, render a judgment dismissing the action with costs. . . ."

[5] Both in the trial court and in this court, the plaintiff refers to the court where the foreign appeal is pending as the "Court of Appeals of Rome." For ease of reference, in this opinion we will also refer to the court where the foreign appeal is pending as the Court of Appeals of Rome and we refer to the trial court in Rome as the Court of Rome.

[6] General Statutes § 52-605 provides: "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor.

"(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner.

"(c) Within thirty days after the filing of the judgment and the certificate, the judgment creditor shall mail notice of filing of the foreign judgment by registered or certified mail, return receipt requested, to the judgment debtor at such judgment debtor's last-known address. The proceeds of an execution shall not be distributed to the judgment creditor earlier than thirty days after filing of proof of service with the clerk of the court in which enforcement of such judgment is sought."

We note that the court did not conclude that the plaintiff had failed to comply with § 52-605; rather, the court dismissed this matter on the dormancy docket.